# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:05-CR-98 (1) |
| | § | |
| BARTRANDIE T. FORD | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed December 14, 2015, alleging that the Defendant, Bartrandie T. Ford, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

Ford was sentenced on May 23, 2006, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offenses of Possession With Intent to Distribute 5 grams, But Less Than 50 Grams, of Cocaine Base (Count 1); and Felon in Possession of a Firearm (Count 2), Class B and C felonies, respectively. These offenses carried a statutory maximum imprisonment term of 40 years, and 10 years, respectively. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of VI, was 130 to 162 months. Ford was subsequently sentenced to 100 months imprisonment as to Count 1 and 100 months imprisonment as to Count 2, to be served concurrently, followed by five years supervised release as to Count 1, and three years as to Count 2, to be served concurrently. The term of supervised release

was ordered subject to the standard conditions of release, plus special conditions to include financial disclosure; drug aftercare; mandatory drug testing and a $200 special assessment.

On February 9, 2009, the term of imprisonment was reduced to 85 months, as to each count, pursuant to 189 U.S.C. § 3582(c)(2).

## II.  The Period of Supervision

On July 25, 2011, Ford completed his period of imprisonment and began service of the supervision term.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising three allegations. The petition alleges that Ford violated the following mandatary conditions that: 1.) he shall not commit another federal, state, or local crime; 2.) he shall not legally possess a controlled substance; and 3.) he shall refrain from any unlawful use of controlled substance.

## IV.  Proceedings

On January 7, 2016, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the third allegation that on December 10, 2015, Ford submitted a urine specimen that tested positive for PCP, which he admitted to using. Also on February 10, 2014, Mr. Ford admitted that he used the illicit drug marijuana on or about January 26, 2014.

The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of ten (10) months' imprisonment, with no supervised release to follow.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on, any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offenses of conviction were Class B and C felonies; therefore, the maximum imprisonment sentence is 3 years and 2 years, respectively, which may be ordered to run consecutively or concurrently.

According to Title 18 U.S.C. § 3583(g)(l), if a defendant possesses a controlled substance in violation of the conditions set forth in subsection (d), the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

According to U.S.S.G. § 7Bl.l(a), if the Court finds by a preponderance of the evidence that Ford violated conditions of supervision by being arrested in Chambers County, Texas on December 01, 2015, and charged with DWI; and/or by submitting a urine specimen on December 10, 2015, which tested positive for PCP; and/or by submitting a urine specimen on February 10, 2014, which tested positive for marijuana, Ford will be guilty of committing a Grade C violation. U.S.S.G. §

7Bl.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7Bl.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

According to U.S.S.G. § 7Bl.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7Bl.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § SCl.l(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

According to U.S.S.G. § 7Bl.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's third allegation that he violated a mandatory condition of release that he shall refrain from any unlawful use of a controlled substance by testing positive for PCP on December 10, 2015, and admitting to marijuana use on or about January 26, 2014. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is VI. The guideline imprisonment range is 8 to 14 months. The Defendant did not comply with the conditions of his supervision and has demonstrated an unwillingness to adhere to conditions of supervision. Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned

statutory sentencing factors will best be served by a sentence of ten (10) months' imprisonment, with no supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated the third allegation in the petition that he violated a mandatory condition of release by failing to refrain from any unlawful use of a controlled substance. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of ten (10) months' imprisonment, with no supervised release to follow.

The Defendant requested to serve his term of imprisonment at the Federal Correctional Complex (FCC) in Beaumont, Texas. The undersigned requests the court to recommend this facility to the Bureau of Prisons.

## VIII. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. See 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy

of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 12th day of January, 2016.

_____
Zack Hawthorn
United States Magistrate Judge